1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CALVIN O'NEIL JACKSON,                )
                                       )
                    Petitioner,        )        Case No. 3:03-cv-0257-RLH-RAM
                                       )
vs.                                    )
                                       )        ORDER
CRAIG FARWELL, *et al.*,               )
                                       )
                    Respondents.       )
_____/

        This action proceeds on a petition for writ of habeas corpus pursuant to 28 U.S.C. §
2254, by petitioner Calvin Jackson, a Nevada prisoner.  Before the Court is respondents' motion to
dismiss (docket #49).

I.      **Procedural History**

        On April 16, 1999, petitioner was convicted, after a jury trial, of burglary (count I),
battery with intent to commit a crime (count II), first degree kidnaping with the use of a deadly
weapon (count III), and two counts of sexual assault with the use of a deadly weapon (counts IV and
V).  Exhibits 19, 21.[1]  The District Court for Clark County sentenced petitioner on August 25, 1999,

---

[1]  The exhibits cited in this order are those filed by petitioner in support of his first amended
petition for writ of habeas corpus and his second amended petition, and are located in the record at
docket #21, 22 and 48.

as follows: to 120 months in prison with parole eligibility in 48 months for count I; to 180 months in prison with parole eligibility in 72 months for count II; to life in prison with the possibility of parole for count III; and to life imprisonment with the possibility of parole for counts IV and V, with an equal and consecutive life sentence with the possibility of parole for the use of a deadly weapon. Exhibit 27.  All counts were to run consecutively.  *Id.*  The court entered a judgment of conviction on September 15, 1999.  Exhibit 28.

Petitioner appealed, and the Nevada Supreme Court affirmed his convictions. Exhibits 29, 35 and 50.  While his direct appeal was pending petitioner filed a habeas corpus petition with the district court in October 2000.  Exhibit 41.  The district court denied the petition without holding an evidentiary hearing.  Exhibit 48.  Petitioner appealed this denial and the Nevada Supreme Court affirmed but remanded the case for the limited purpose of correcting the judgment of conviction to include an equal and consecutive sentence of life imprisonment for the deadly weapon enhancement on count III.  Exhibit 67.  The district court entered the amended judgment on June 2, 2002.  Exhibit 70.

On May 8, 2003, petitioner mailed his federal habeas petition to this Court (docket #7). After counsel was appointed petitioner filed an amended petition, alleging eight grounds for relief.  Respondents moved to dismiss the petition, and this Court granted the respondents' motion to dismiss in part, finding grounds one, three, four, seven and eight(a) to be unexhausted (docket #32). The Court gave petitioner the option of abandoning those grounds or returning to state court to exhaust the claims.  *Id.*  Petitioner asked that the case be stayed so he could return to state court to exhaust his claims (docket #37).  This Court granted the motion for stay and abeyance, dismissed the case without prejudice and administratively closed the case (docket #41).

Petitioner filed a second state habeas corpus petition in the Nevada district court, raising the above claims that were found by this court to be unexhausted.  Exhibit 73.  The district court dismissed the petition, finding the petition to be untimely and successive.  Exhibit 80.  The Nevada Supreme affirmed the dismissal, stating that petitioner's second petition was procedurally

1   barred, and noted that petitioner had not shown good cause or prejudice.  Exhibit 86.

2          Petitioner moved to reopen the case on October 25, 2006 (docket #42).  This Court

3   reopened the case and ordered petitioner to file an amended petition (docket #46).  Petitioner filed a

4   second amended petition for writ of habeas corpus alleging the same claims for relief that were

5   contained in the first amended petition (docket #47).  Respondents' moved to dismiss grounds one,

6   three, four, seven and eight(a) as the claims are subject to procedural default (docket #49).

7   Furthermore respondents argue grounds two and five fail to state a federal claim.  *Id.*  Petitioner

8   opposes the motion to dismiss (docket #56).

9   **II.  Procedural Default**

10          **A. General Principles**

11          Generally, in order for a federal court to review a habeas corpus claim, the claim must

12   be both exhausted and not procedurally barred.  *Koerner v. Grigas,* 328 F.3d 1039, 1046 (9th Cir.

13   2003).  Procedural default refers to the situation where a petitioner in fact presented a claim to the

14   state courts but the state courts disposed of the claim on procedural grounds rather than denying the

15   claim on the merits.  A federal court will not review a claim for habeas corpus relief if the decision

16   of the state court regarding that claim rested on a state law ground that is independent of the federal

17   question and adequate to support the judgment.  *Coleman v. Thompson*, 501 U.S. 722, 730-31

18   (1991).  The *Coleman* Court stated the effect of a procedural default as follows:

19          In all cases in which a state prisoner has defaulted his federal claims in
            state court pursuant to an independent and adequate state procedural rule,
20          federal habeas review of the claims is barred unless the prisoner can
            demonstrate cause for the default and actual prejudice as a result of the
21          alleged violation of federal law, or demonstrate that failure to consider
            the claims will result in a fundamental miscarriage of justice.
22

23   *Coleman*, 501 U.S. at 750; *see also Murray v. Carrier*, 477 U.S. 478, 485 (1986).

24          To demonstrate cause for a procedural default, the petitioner must be able to "show

25   that some objective factor external to the defense impeded" his efforts to comply with the state

26   procedural rule.  *Murray*, 477 U.S. at 488.  For cause to exist, the external impediment must have

3

1    prevented the petitioner from raising the claim.  *See McCleskey v. Zant*, 499 U.S. 467, 497 (1991).

2              With respect to the prejudice prong of cause and prejudice, the petitioner bears:

3              the burden of showing not merely that the errors [complained of]
              constituted a possibility of prejudice, but that they worked to his actual
4              and substantial disadvantage, infecting his entire [proceeding] with
              errors of constitutional dimension.

5

6    *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (quoting *United States v. Frady*, 456 U.S. 152,

7    170 (1982)).  If the petitioner fails to show cause, the court need not consider whether the petitioner

8    suffered actual prejudice.  *Engle v. Isaac*, 456 U.S. 107, 134 n.43 (1982); *Roberts v. Arave*, 847 F.2d

9    528, 530 n.3 (9th Cir. 1988).

10            **B.  There Was Procedural Default in the State Court**

11            In this case, there was a procedural default in state court.  On the appeal from the

12   denial of petitioner's state-court habeas petition, the Nevada Supreme Court ruled:

13            Appellant filed his petition approximately five years after the
              remittitur issued in his direct appeal.  Thus, appellant's petition was
14            untimely filed. [fn 4: *See* NRS 34.726(1).] Moreover, appellant's petition
              was successive and an abuse of the writ because he had previously filed
15            a post-conviction petition for a writ of habeas corpus, and appellant
              acknowledged that his petition included new claims for relief as well as
16            identical claims for relief. [fn 5: *See* NRS 34.810(1)(b)(2); NRS
              34.810(2).] Appellant's petition was procedurally barred absent a
17            demonstration of good cause and prejudice. [fn 6: *See* NRS 34.726(1);
              NRS 34.810(1)(b); NRS 34.810(3).] Good cause must be an impediment
18            external to the defense. [fn 7: *See Lozada v. State*, 110 Nev. 349, 871
              P.2d 944 (1994).]

19
              In an attempt to excuse his procedural defects, appellant argued
20            he had good cause because he was required to exhaust state remedies for
              the purposes of a federal habeas corpus petition.  Based upon our review
21            of the record on appeal, we conclude that the district court did not err in
              determining that the appellant failed to demonstrate good cause.
22            Appellant failed to demonstrate that an impediment external to the
              defense prevented him from raising all of his claims for relief in a timely,
23            first petition. [fn 8: *See Hathaway v. State*, 119 Nev. 248, 71 P.3d 503
              (2003); *Lozada*, 110 Nev. 349, 871 P.2d 944.] Therefore, we affirm the
24            order of the district court.

25   Exhibit 86.  Thus, the dismissal of the second state post-conviction petition was affirmed by the

26   Nevada Supreme Court on the bases of state procedural rules.

                                              4

1
2

**C. The Procedural Default Was an Independent and Adequate State Law Ground for the Nevada Supreme Court's Disposition of Petitioner's Claims**

3
4
5
6

For the procedural default doctrine to apply, "a state rule must be clear, consistently applied, and well-established at the time of the petitioner's purported default." *Wells v. Maass*, 28 F.3d 1005, 1010 (9th Cir. 1994). *See also Calderon v. United States District Court (Bean)*, 96 F.3d 1126, 1129 (9th Cir. 1996).

7

**1. NRS 34.726**

8
9
10
11
12
13
14

Petitioner argues that Nevada's application of NRS 34.726(1) is not adequately and independently applied. However, petitioner has not submitted any legal authority or evidence to specifically show that Nevada's application of NRS 34.726(1) is erratic, arbitrary or discretionary. Petitioner acknowledges that the Ninth Circuit Court of Appeals has held the application of the procedural bar at issue in this case – NRS 34.726(1) – to be an independent and adequate state ground. *See Moran v. McDaniel*, 80 F.3d 1261, 1268-70 (9th Cir. 1996). Petitioner merely respectfully disagrees with the holding of *Moran*.

15
16
17
18

This Court finds that the Nevada Supreme Court's holding that petitioner's state habeas petition was untimely under NRS 34.726(1) was an independent and adequate ground for affirmance of the district court's dismissal of the state petition. *See Loveland v. Hatcher*, 231 F.3d 640, 643 (9th Cir. 2000).

19

**2. NRS 34.810**

20
21

Petitioner also contends that NRS 34.810 is not an adequate and independent state law ground sufficient to procedurally bar the claims.

22
23
24
25
26

Contrary to petitioner's argument, the Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of NRS 34.810 is an independent and adequate state ground. *See Vang v. Nevada*, 329 F.3d 1069, 1074 (9th Cir. 2003); *Bargas v. Burns*, 179 F.3d 1207 (9th Cir. 1999). This Court finds that the Nevada Supreme Court's holding that petitioner's second state habeas petition was procedurally barred under NRS 34.810(1)(b)(2) and 34.810(2) was an

1    independent and adequate ground for the court's affirmance of the dismissal of the second petition.

2    **D.  The State Court Decision Was Not Inter-Woven with Federal Law**

3           Petitioner argues that the Nevada Supreme Court's decision was interwoven with

4    federal law because his arguments regarding the application of NRS 34.726 included due process

5    concerns.  However, as was set forth above, the Nevada Supreme Court's decision made no

6    reference to due process or federal law, and independently denied relief on the basis of the state's

7    procedural rules.  The court's determination did not impliedly contain a decision on a due process

8    question. *See Loveland v. Hatcher*, 231 F.3d 640, 643-44 (9th Cir. 2000).

9    **E.  Conclusion**

10          Petitioner's Opposition contains no arguments relating to "cause" for the procedural

11   default, therefore it appears that grounds 1, 3, 4, 7, and 8(a) were procedurally defaulted in state

12   court.  Those grounds shall be dismissed.

13   **III.  Sufficiency of Grounds 2 and 5**

14          **A.  General Principles**

15          When a state interprets its own laws or rules, no basis for federal habeas corpus relief

16   is presented as no federal constitutional question arises.  *Burkey v. Deeds*, 824 F. Supp. 190, 192 (D.

17   Nev. 1993) (citing *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)); *Oxborrow v. Eikenberry*, 877

18   F.2d 1395 (9th Cir. 1999) ("errors of state law do not concern us unless they rise to the level of a

19   constitutional violation").

20          **B.  Application to the Instant Case**

21                 **1.  Ground 2**

22          In his second ground for relief petitioner asserts that the trial court erred when it

23   barred trial counsel from presenting his theory of defense in violation of his Fifth, Sixth and 14th

24   Amendment rights.  Specifically petitioner argues that the district court erred when it would not

25   allow petitioner to call as witnesses various police officers and when it did not allow defense counsel

26   to offer alternative explanations as to why the complaining witness or victim would not want to

1  testify in court.

2          Respondents argue that petitioner's claim fails to state a federal claim as petitioner

3  cited only to Nevada case law in his opening brief to the Nevada Supreme Court.  Moreover,

4  respondents contend that the Nevada Supreme Court made its determination relying exclusively on

5  state law grounds.  This Court, in its June 20, 2005 order granting in part respondents' motion to

6  dismiss, found this claim to be exhausted as petitioner cited to *Washington v. Texas*, 388 U.S. 14

7  (1967) in his opening brief.  Moreover this Court noted that the Nevada Supreme Court's decision

8  affirming petitioner's conviction indicated that the court was aware of the federal nature of the claim.

9          Petitioner has clearly articulated federal constitutional bases for this claim not only in

10  his federal petition, but also in his opening brief to the Nevada Supreme Court.

11          **2. Ground 5**

12          In his fifth ground for relief petitioner argues that the trial court erred when it did not

13  allow him to inquire into the complaining witness's prior arrests for prostitution, in violation of his

14  6th Amendment right to confront witnesses.  Respondents again argue that this claim fails to state a

15  federal claim for relief.

16          Petitioner cited to *Drake v. State*, 836 P.2d 52 (Nev. 1992) in his opening brief to the

17  Nevada Supreme Court.  While the *Drake* case discusses NRS 48.069 and 50.090, the Nevada

18  Supreme Court also discussed whether a district court's refusal to allow a defendant to show that an

19  alleged victim has previously been arrested for prostitution can be a violation of a defendant's

20  confrontation clause right under the 6th and 14th Amendments of the United States Constitution.  *Id.*

21  at 54.  Petitioner has properly stated a federal constitutional basis for this claim.

22          **IT IS THEREFORE ORDERED** that respondents' motion to dismiss (docket #49)

23  is **GRANTED IN PART AND DENIED IN PART.**  The Court finds Grounds 1, 3, 4, 7 and 8(a)

24  were procedurally defaulted in state court, and that petitioner has not made a showing of cause for

25  that procedural default.

26          **IT IS FURTHER ORDERED** that Grounds 1, 3, 4, 7, and 8(a) of the Second

7

Amended Petition are **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that respondents shall have until, and including, **June 25, 2008**, to file and serve an **Answer** to the claims remaining in the Second Amended Petition: Grounds 2, 5, 6, and 8(b) and (c).

DATED this _____5th_____ day of May, 2008.

CHIEF UNITED STATES DISTRICT JUDGE

8